HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAY FRANK FISCHER,

    Plaintiff,

v.

TACOMA POLICE,

    Defendant.

CASE NO. C15-5221 RBL

ORDER

THIS MATTER is before the Court on Plaintiff Jay Frank Fisher's proposed complaint and application to proceed *in forma pauperis* [Dkt. #1]. Fisher seeks to sue the Tacoma Police Department for "negligence," in connection with an "emergency call" she placed, and after which they failed to take any action against the person that triggered the call. Fisher claims that the police removed her "from her room" (perhaps at the Salvation Army, *see* Cause No. 15 cv 5220RBL), and failed to assist her with transportation or food or shelter.

The case is one of five[1] proposed complaints Fisher has filed this month.

---

[1] The cases are: *Fisher v. Pierce County Superior Court*, Cause No. 15 cv 5156RBL; *Fisher v. Always Hope Taylor Housing*, Cause No. 15 cv 5212RBL; *Fisher v. American Laser*, Cause No. 15 cv 5213RBL; *Fisher v. The Salvation Army*, Cause No. 15 cv 5220RBL; and *Fisher v Tacoma Police*, Cause No. 15 cv 5221RBL.

ORDER - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff Fisher's proposed complaint does not meet this standard, and appears to be frivolous. The basis for this court's jurisdiction over a "negligence claim" is not apparent. Nor is the basis for the claim in the first place. The Police Department does not owe the Plaintiff a duty to provide transportation, food, or shelter. Fisher has not identified the basis for any claim,

whether statutory, constitutional, or otherwise.  Generally, under § 1983, a *person* can be sued for constitutional violations committed under the color of state law.  A state and its agencies are not a person under § 1983.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  Additionally, a plaintiff cannot assert a 42 U.S.C. § 1983 claim against any defendant who is not a state actor.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*."  *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).  Fisher has not named a "person" as a defendant.

For these reasons, the application to proceed *in forma pauperis* is DENIED.  Plaintiff shall pay the filing fee or file an amended complaint addressing these deficiencies within 21 days of this Order or the case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 28th day of April, 2015.

                             *[signature]*
                            RONALD B. LEIGHTON
                            UNITED STATES DISTRICT JUDGE